UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENG VANG,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No.  2:14-cv-1327-KJN<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act").[1]  In her motion for summary judgment, plaintiff principally contends that the Commissioner erred by finding that plaintiff was not disabled from April 4, 2010, plaintiff's amended alleged disability onset date, through the date of the ALJ's decision.  (ECF No. 14.)  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for summary judgment.  (ECF No. 15.)  Thereafter, plaintiff filed a reply brief.  (ECF No. 16.)

---

[1] This action was initially referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes.  (ECF Nos. 6, 8.)

1

For the reasons discussed below, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and enters judgment for the Commissioner.

I.      BACKGROUND

Plaintiff was born on April 4, 1960, is originally from Laos and is unable to communicate in English, and previously worked primarily as a caregiver and babysitter.[2]  (Administrative Transcript ("AT") 26, 72, 292, 299, 302.)  On September 17, 2011, and September 21, 2011, plaintiff applied for DIB and SSI, respectively, alleging that her disability began on January 1, 2007, and that she was disabled due to arthritis, headaches, dizziness, hypertension, and pain. (AT 14, 95.)[3]  After plaintiff's applications were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"), which took place on January 7, 2013, and at which plaintiff, represented by an attorney, and a vocational expert ("VE") testified through an interpreter.  (AT 14, 285-314.)  At the hearing before the ALJ, plaintiff amended her alleged disability onset date to April 4, 2010.  (AT 14, 289-90.)

In a decision dated February 5, 2013, the ALJ determined that plaintiff had not been under a disability, as defined in the Act, from April 4, 2010, plaintiff's amended alleged disability onset date, through the date of the ALJ's decision.  (AT 14-27.)  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on April 4, 2014.  (AT 6-8.)  Thereafter, plaintiff filed this action in federal district court on May 30, 2014, to obtain judicial review of the Commissioner's final decision.  (ECF No. 1.)

///

///

---

[2] Because the parties are familiar with the factual background of this case, including plaintiff's medical and mental health history, the court does not exhaustively relate those facts in this order. The facts related to plaintiff's impairments and treatment will be addressed insofar as they are relevant to the issues presented by the parties' respective motions.

[3] Regardless of the alleged disability onset date, SSI is not payable prior to the month following the month in which the application was filed.  20 C.F.R. § 416.335.

II.  ISSUES PRESENTED

Plaintiff has raised the sole issue of whether the ALJ improperly rejected a portion of the consultative examining psychologist's opinion.

III. LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV.  DISCUSSION

    A.  Summary of the ALJ's Findings

The ALJ evaluated plaintiff's entitlement to DIB and SSI pursuant to the Commissioner's standard five-step analytical framework.[4]  As an initial matter, the ALJ determined that plaintiff

---

[4] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program.  42 U.S.C. §§ 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

3

met the insured status requirements of the Act for purposes of DIB through December 31, 2013. (AT 16.) At the first step, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since April 4, 2010, plaintiff's amended alleged disability onset date. (Id.) At step two, the ALJ found that plaintiff had the following severe impairments: major depression with psychotic features and post-traumatic stress disorder. (Id.)[5] However, at step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AT 19.)

Before proceeding to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to perform simple routine tasks. The claimant is able to concentrate and attend to work every 2 hours with formal 15-minute breaks in the morning, lunch/noon time and in the afternoon.

---

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

---

[5] After a lengthy discussion of the medical evidence, plaintiff's treatment history, plaintiff's testimony, and other record evidence, the ALJ found plaintiff's numerous alleged physical impairments to be non-severe and concluded that plaintiff's allegations of physical pain and limitations were not credible. (AT 16-19.) Plaintiff does not challenge the ALJ's determinations concerning plaintiff's credibility or plaintiff's alleged physical limitations on appeal.

(AT 21.)

At step four, the ALJ found that plaintiff was unable to perform any past relevant work. (AT 26.) However, at step five, the ALJ determined, based on the VE's testimony, that, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. (AT 26-27.)

Accordingly, the ALJ concluded that plaintiff had not been under a disability, as defined in the Act, from plaintiff's amended alleged disability onset date through the date of the ALJ's decision. (AT 27.)

      B.      Plaintiff's Substantive Challenges to the Commissioner's Determinations

As noted above, plaintiff contends that the ALJ improperly rejected a portion of the consultative examining psychologist Dr. Ona Stiles' opinion.

Dr. Stiles personally examined and evaluated plaintiff on December 15, 2011. (AT 141-46.) Dr. Stiles diagnosed plaintiff with major depression (moderate with psychotic features) as well as posttraumatic stress disorder. (AT 145.) Dr. Stiles opined that plaintiff was not capable of managing funds (based on plaintiff's self-report and minimal math skills); could adequately perform one or two step simple repetitive tasks; could not perform complex tasks; had a good ability to accept instructions from supervisors and interact with coworkers and the public; was moderately able to perform work activities on a consistent basis without special or additional instruction; had a fair ability to maintain regular attendance in the workplace and complete a normal workday or workweek without interruptions from a psychiatric condition; and had a poor ability to handle normal work-related stress. (AT 145-46.)

Plaintiff argues that the ALJ erroneously failed to adopt Dr. Stiles' opinion concerning plaintiff's ability to handle work-related stress. That argument is unpersuasive. The applicable regulations define a claimant's RFC as "the most you can still do despite your limitations." See 20 C.F.R. § 404.1545(a)(1). In this case, the ALJ adopted all of the concrete restrictions offered by Dr. Stiles – a limitation to simple, repetitive tasks. (AT 21.) See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) ("The ALJ translated Stubbs-Danielson's condition, including the pace and mental limitations, into the only concrete restrictions available to him –

Dr. Eather's recommended restriction to simple tasks."). Dr. Stiles did not offer any additional concrete limitations related to plaintiff's poor ability to handle stress – for example, Dr. Stiles did not opine that plaintiff would have an excessive number of absences or would be unable to interact with co-workers, supervisors, or the public. By contrast, Dr. Stiles indicated that plaintiff had a fair ability to maintain regular attendance and complete a normal workday/workweek, and had a good ability to interact socially. (AT 145.) Based on this record, it was thus rational for the ALJ to conclude that the restriction to simple repetitive tasks adequately accounted for plaintiff's poor ability to handle work stress, especially given that simple, repetitive, routine work needs little or no judgment, involves simple duties that can be learned quickly, and therefore is predictable and generally less likely to induce stress. See 20 C.F.R. § 404.1568(a).

To be sure, a limitation to simple repetitive tasks may not adequately account for workplace stress in every case. By way of example, the evidence in a particular case may persuasively show that a claimant requires a more particularized accommodation for a specific stress-inducing work condition or activity, or that simple repetitive tasks may actually increase workplace stress. However, plaintiff points to no such evidence in this case.

Moreover, even assuming, without deciding, that the ALJ somehow erred in not incorporating an additional limitation related to stress into the RFC, any such error here was harmless. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). Notably, plaintiff's own treating physician, Dr. Cleveland, opined that plaintiff was only moderately limited in dealing with work stresses. (AT 243.) The Ninth Circuit has held that moderate mental limitations are not sufficiently severe so as to require vocational expert testimony. Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (involving an assessment that the claimant was moderately limited in "his ability to maintain attention and concentration for extended periods; his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.").

## V. CONCLUSION

For the reasons outlined above, the court concludes that the ALJ's decision was free from prejudicial error and supported by substantial evidence in the record as a whole. Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is DENIED.

2. The Commissioner's cross-motion for summary judgment (ECF No. 15) is GRANTED.

3. Judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: June 4, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE